IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CRIMINAL NO. 16-00158-CG-C |
| ARTHUR LEYON PENN | ) ) ) | |

## ORDER ON MOTION TO DISMISS

This matter is before the Court on a motion to dismiss by Defendant Arthur Leyon Penn ("Defendant") (Doc. 29) and a response in opposition by the United States (Doc. 25). After careful consideration of this matter, the Court finds Defendant's motion is due to be denied.

### I. BACKGROUND

On January 27, 2016, Defendant was indicted for offenses related to tax fraud occurring between January 2011 and April 2015 in Criminal Case 16-00020-CG-C. Defendant agreed to plead guilty to two counts pursuant to a written plea agreement and entered a guilty plea in open court to two counts of aggravated identity theft on August 22, 2016. Crim. No. 16-00020-CG-C, Doc. 164. Under the plea agreement, the government agreed to "not bring any additional charges against the defendant related to the facts underlying the Indictment" and would "move to dismiss all remaining counts once sentence was imposed." *Id*. at 6. Just days before Defendant entered his guilty plea, the government learned that Defendant allegedly tampered with a material witness in the tax fraud case. (Doc. 29, p. 4).

On August 25, 2016, Defendant was indicted for witness tampering pursuant to 18 U.S.C. § 1512(c)(2) and 2. (Doc. 1). Defendant insists that the witness tampering indictment is "related to" the tax fraud indictment and, therefore, is a breach of the earlier plea agreement due to be dismissed.

## II. ANALYSIS

When a guilty plea "rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). "Thus, in determining whether the government has breached a plea agreement, we must first determine the scope of the government's promises." *United States v. Copeland*, 381 F.3d 1101, 1105 (11th Cir. 2004). An objective standard is used to interpret the meaning of any disputed terms in the agreement. *Id.* A court must "decide whether the government's actions are inconsistent with what the defendant reasonably understood when he entered his guilty plea." *Id.*

The Eleventh Circuit announced a two-step process for interpreting disputed terms within a plea agreement.

> First, is the language ambiguous, or not?  If it is, we will consider extrinsic evidence of the parties' intent in arriving at an interpretation of the agreement's language …; otherwise, we are limited to the unambiguous meaning of the language in the agreement.  Second, given our interpretation of the language, we must decide whether to enforce the agreement, keeping in mind that the validity of the bargained guilty plea depends finally on the voluntariness and intelligence with which the defendant—and not his counsel—enters the bargained plea."

*Id.* (citation omitted).

The issue of whether the government breached the plea agreement turns on the scope of the "Additional Charges" provision contained within paragraph 21 of the agreement. (Doc. 25, p. 3). Specifically, what is meant by additional charges against Defendant *related to the facts underlying the Indictment*? Defendant concedes this phrase is unambiguous. (Doc. 25, p. 4). If so, this would mean that the unambiguous meaning of the "related to" language within the plea agreement decides this matter.

In an unpublished opinion, the Eleventh Circuit found a materially similar phrase, "related to the conduct giving rise to this plea agreement," to be unambiguous. *United States v. Beeks*, 167 F. App'x 777, 779 (11th Cir. 2006). In this context, "[t]he term 'related to' is used in its ordinary sense to mean connected to or associated with." *Id.* The Court finds this conclusion controlling. Therefore, "the plain meaning of the ['Additional Charges'] provision is that the government agrees not to bring any other charges in connection with [Defendant's] participation in the [tax] fraud scheme." *Id.* The government's position is that tax fraud is not "connected to or associated with" witness tampering. (Doc. 29, p. 2). In support, the government relies on *United States v. Grap*, 368 F.3d 824 (8th Cir. 2004). The Court finds the government's position persuasive.

A subsequent offense does not "relate to" the offense contained within an indictment when (1) there is a temporal distinction between the two offenses and (2) the two offenses constitute qualitatively distinct misconduct. *Grap*, 368 F.3d at 829–30; *see also Beeks*, 167 F. App'x at 780 (finding a subsequent offense of identify

3

theft did not relate to an offense of bank fraud contained within a plea agreement when (1) the two offenses were temporally distinct, (2) the two offenses constituted "qualitatively distinct misconduct," and (3) the two offenses involved different individuals). In the particularly analogous case of *Grap*, the Eighth Circuit held that a subsequent indictment for tampering with a witness in a sexual abuse case fell outside the purview of a plea agreement which prohibited further prosecution based on the information and evidence then available to the government concerning the defendant's involvement with regard to the facts underlying the two counts to which he plead guilty. 368 F.3d at 828-29. The court reasoned that the witness tampering offense was "a third 'factual scenario' occurring several months after the second incident of sexual abuse" that was "temporally distinct from the abuse itself." *Id.* Therefore, the government did not breach the plea agreement. *Id.*

Here, Defendant's conduct relating to the tax fraud offenses occurred between January 20, 2012 and April 15, 2015. Crim. No. 16-00020, Doc. 164, pp. 12-13. Defendant's conduct relating to the witness tampering offense occurred in August 2016, which is temporally distinct from the tax fraud offenses. Also, Defendant's conduct relating to the tax fraud offenses dealt with the unlawful use of another's social security number to transmit fraudulent tax returns to the Internal Revenue Service. *Id.* Defendant's conduct relating to the instant indictment concerns obstruction of justice through witness tampering, which is qualitatively distinct from tax fraud. The fact that the government knew of and began investigating Defendant's witness tampering before entry of the plea agreement has no bearing

4

on this determination. *See Grap*, 368 F.3d at 829–30. Indeed, "to be barred by the plea agreement, the charges must relate to [Defendant]'s conduct in the [tax] fraud scheme, not just to [Defendant] himself." *Beeks*, 167 F. App'x at 780.

The accuracy of this conclusion is laid bare when the instant matter is compared to *United States v. Smith*, 2014 WL 4793566 (S.D. Ala. Sept. 25, 2014). In *Smith*, the defendant plead guilty to being in possession of a firearm in furtherance of drug trafficking crimes on February 14, 2013. *Id.* at *1. The offense conduct occurred on October 8, 2012, and the plea agreement reflected as much. Smith's plea agreement stated, "The United States will not bring any additional charges against the defendant related to the facts underlying the indictment and will move to dismiss all remaining counts once sentencing is imposed." *Id.* Subsequently, Smith was indicted with conspiracy to traffic drugs and launder money between 2009 and May 28, 2014. *Id.* Finding the government breached the plea agreement, the court reasoned, in relevant part:

> The second indictment charges the defendant with participation in a drug trafficking conspiracy and a money laundering conspiracy, which are [ ] "related to" the facts of the first indictment. Though there is likely other evidence that may implicate the defendant in the newly charged conspiracies, the government has not alleged that Smith's possession of one pound of marijuana, 57.1 grams of crack, firearm, scales, and $4,848.43 are not "related to" the conspiracies for which the defendant is now indicted. The events of October 8, 2012 took place during the time frame of the now indicted conspiracies, involved drug trafficking and a large sum of cash, and as noted in the factual resume, the firearm was present to provide protection for the "drug dealer and his valuable product."

*Id.* at *3.

Here, the government did not rely on evidence of the tax fraud to support the

subsequent witness tampering indictment.  As noted above, the two factual scenarios are qualitatively distinct, unlike *Smith*.  In *Smith*, the government attempted to use the same evidence to obtain a conviction under two separate indictments.  Also, there was an obvious overlap in the time frame for both indictments in *Smith*.  The instant situation does not suffer from the same shortcoming.  As noted above, the offense conduct in each indictment is temporally distinct.  "It is true that this 'scenario' would not have occurred but for the incidents of [tax fraud], but it was conceptually and temporally distinct from the [tax fraud] itself." *Grap*, 368 F.3d at 828–29.

Therefore, no defendant could have reasonably understood the phrase "related to the facts underlying the indictment" to include Defendant's tampering with a material witness in the tax fraud case; the government did not breach the plea agreement with the subsequent indictment for witness tampering pursuant to 18 U.S.C. § 1512(c)(2) and 2.  Defendant's Motion to Dismiss (Doc. 29) is **DENIED**.

**DONE and ORDERD** this 18th day of November, 2016.

/s/  Callie V. S. Granade  
SENIOR UNITED STATES DISTRICT JUDGE